IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PHILADELPHIA HOUSING AUTHORITY,<br><br>　　　　　　Defendant. | CIVIL ACTION<br>NO. 02-3511 |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
OF DEFENDANT PHILADELPHIA HOUSING
AUTHORITY TO COMPLAINT**

Defendant Philadelphia Housing Authority ("PHA"), by its undersigned counsel, answers the averments of the Complaint of Plaintiff St. Paul Mercury Insurance Company ("St. Paul") as follows:

**JURISDICTION AND VENUE**

1. Denied. After reasonable investigation, PHA is without sufficient information to admit or deny the averments of this paragraph and strict proof thereof is demanded at the time of trial.

2. Admitted in part; denied in part. The first and second sentences are admitted. The third sentence, concerning immunity of state agencies, is denied as a conclusion of law to which no response is required.

3. Admitted.

4.  Admitted.

## FACTUAL BACKGROUND

5.  Admitted.

6.  Admitted in part; denied in part. It is admitted that on or about November 6, 1997, PHA and San Lucas Construction Company, Inc. ("San Lucas") executed a Contract Agreement for Contract No. 9589, component parts of which are attached to St. Paul's Complaint as Exhibits 1, 2, 3 and 4. The remaining averments are denied. The Contract is a writing which speaks for itself and any characterizations thereof are strictly denied.

7.  Admitted in part; denied in part. It is admitted that PHA agreed to pay San Lucas $11,890,000 when PHA awarded San Lucas the Contract. The remaining averments concerning the scope of San Lucas' obligations under the Contract are denied. The Contract is a writing which speaks for itself and any characterizations thereof are strictly denied.

8.  Admitted. The Contract is a writing which speaks for itself and any characterizations thereof are strictly denied.

9.  Admitted. The Contract is a writing which speaks for itself and any characterizations thereof are strictly denied.

10. Admitted. The Contract is a writing which speaks for itself and any characterizations thereof are strictly denied.

11. Admitted. The Contract is a writing which speaks for itself and any characterizations thereof are strictly denied.

12. Admitted. The Contract is a writing which speaks for itself and any characterizations thereof are strictly denied.

13. Admitted. The Contract is a writing which speaks for itself and any characterizations thereof are strictly denied.

14. Admitted. The Contract is a writing which speaks for itself and any characterizations thereof are strictly denied.

15. Denied as stated. The Contract is a writing which speaks for itself and any characterizations thereof are strictly denied.

16. Admitted. The Contract is a writing which speaks for itself and any characterizations thereof are strictly denied.

17. Admitted. The Contract is a writing which speaks for itself and any characterizations thereof are strictly denied.

18. Denied as stated. It is admitted that PHA appointed Ulise Rivera to serve as PHA's construction manager for the Richard Allen Homes Project ("Project").

19. Admitted.

20. Admitted.

21. Denied as stated. The General Agreement of Indemnity ("Indemnity Agreement") attached to St. Paul's Complaint as Exhibit 5 is a writing which speaks for itself and any characterizations thereof are strictly denied.

22. Denied as stated. The Indemnity Agreement is a writing which speaks for itself and any characterizations thereof are strictly denied.

23. Admitted.

24. Admitted.

25. Admitted in part; denied in part. It is admitted that San Lucas submitted multiple payment applications and that PHA retained 10% of the amount of progress payments at the outset. The remaining averments, concerning the requirements of the Contract, are denied. The Contract is a writing which speaks for itself and all characterizations thereof are strictly denied.

26. Admitted.

27. Admitted in part; denied in part. It is admitted that on or about April 2, 1999, San Lucas requested that PHA reduce the retainage from 10% of the amount of progress payments. The remaining averments concerning PHA's letter dated April 7, 1999 are denied. That letter is a writing which speaks for itself and all characterizations thereof are strictly denied.

28. Denied as stated. It is admitted that PHA reduced the amount of the retention in order to enable San Lucas to meet its payroll, pay for supplies and complete the Project. The remaining averments of this paragraph are denied as a conclusion of law, to which no response is required, and because the Contract is a writing which speaks for itself and any characterizations thereof are strictly denied.

29. Admitted.

30. Admitted in part; denied in part. The averments of the first sentence are admitted. The remaining averments are denied.

31. Denied as stated. It is admitted that PHA paid a total of $9,357,531.08 to San Lucas.

32.     Denied. The allegations with respect to violation of plaintiff's rights are denied as conclusions of law.

33.     Admitted in part; denied in part. It is admitted that PHA was aware by December 1999 of certain claims made by San Lucas' subcontractors for payment. The remaining averments are denied as conclusions of law, to which no response is required.

34.     Denied as stated. PHA's December 10, 1999 "Notice of Intent to Default" letter, attached to St. Paul's Complaint as Exhibit 8, is a writing which speaks for itself and all characterizations thereof are strictly denied.

35.     Admitted in part; denied in part. It is admitted that PHA, San Lucas and St. Paul met on or about December 20, 1999. The remaining averments are denied as stated, as other issues were addressed at that meeting.

36.     Admitted in part; denied in part. It is admitted upon information and belief that San Lucas and St. Paul met separately after the aforementioned December 20, 1999 meeting. The remaining averments are denied as stated. Upon information and belief, San Lucas admitted owing certain amounts to subcontractors and/or suppliers.

37.     Admitted.

38.     Admitted.

39.     Admitted in part; denied in part. It is admitted that PHA terminated the contract with San Lucas on January 24, 2000. The remaining averments concerning PHA's January 24, 2000 letter, which is attached to St. Paul's Complaint as Exhibit 9, are denied. That letter is a writing which speaks for itself and all characterizations thereof are strictly denied.

40. Admitted in part; denied in part. It is admitted that San Lucas failed to complete its work on the Project, that St. Paul was required, under the performance bond, to complete San Lucas' work for the benefit of PHA, that St. Paul and PHA entered into a Takeover Agreement dated April 6, 2000, and that the Contract balance available to St. Paul was $2,711,413.84. By way of further response, the Indemnity Agreement and the Takeover Agreement are writings which speak for themselves and any characterizations thereof are strictly denied.

41. Admitted. The Takeover Agreement is a writing which speaks for itself and any characterizations thereof are strictly denied.

42. Admitted in part; denied in part. It is admitted that St. Paul solicited bids from contractors and awarded the contract to NDK Construction, Inc. for $6,150,000. The remaining averments are denied. PHA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning NDK's winning bid, and such allegations are therefore denied.

43. Denied. PHA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding St. Paul's disbursement of costs and expenses in connection with the completion of the project, and such allegations are therefore denied.

44. Denied. PHA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph and such allegations are therefore denied.

## COUNT I
### (Breach of Surety Rights)

45. Defendant Philadelphia Housing Authority incorporates by reference the foregoing paragraphs 1 through 44 of this Answer.

46. Denied. The Contract is a writing which speaks for itself and all characterizations thereof are strictly denied.

47. Denied. The Contract is a writing which speaks for itself and all characterizations thereof are strictly denied. To the extent the averments of this paragraph constitute conclusions of law, no response is required.

48. Denied. By way of further response, the Contract is a writing which speaks for itself and all characterizations thereof are strictly denied. To the extent the averments of this paragraph constitute conclusions of law, no response is required.

49. Denied.

50. Denied. After reasonable investigation, PHA is without sufficient information to admit or deny the averments of this paragraph and strict proof thereof is demanded at the time of trial. The allegations of this paragraph set forth a conclusion of law to which no responsive pleading is required.

51. Denied. The allegations of this paragraph set forth a conclusion of law to which no responsive pleading is required.

WHEREFORE, Defendant Philadelphia Housing Authority requests judgment in its favor on Count I of plaintiff's Complaint.

## COUNT II
## (Breach of Takeover Agreement)

52. Defendant Philadelphia Housing Authority incorporates by reference the foregoing paragraphs 1 through 51 of this Answer.

53. Admitted. The Takeover Agreement is a writing which speaks for itself and all characterizations thereof are strictly denied.

54. Denied. The allegations of this paragraph are denied as either conclusions of law, to which no response is required, or as disputed factual allegations, for which strict proof is demanded at trial. By way of further response, the Takeover Agreement is a writing which speaks for itself and all characterizations thereof are strictly denied.

55. Denied. The allegations of this paragraph are denied as either conclusions of law, to which no response is required, or incorrect or disputed factual allegations, for which strict proof is demanded at trial. By way of further response, the Takeover Agreement is a writing which speaks for itself and all characterizations thereof are strictly denied.

56. Denied. The allegations of this paragraph set forth a conclusion of law to which no responsive pleading is required.

57. Denied. The allegations of this paragraph set forth a conclusion of law to which no responsive pleading is required.

WHEREFORE, Defendant Philadelphia Housing Authority requests judgment in its favor on Count II of plaintiff's Complaint.

## COUNT III
### (Negligence)

58.     Defendant Philadelphia Housing Authority incorporates by reference the foregoing paragraphs 1 through 57 of this Answer.

59.     Denied. The allegations of this paragraph are conclusions of law to which no response is required.

60.     Denied. The allegations of this paragraph are conclusions of law to which no response is required.

61.     Denied. The allegations of this paragraph are conclusions of law to which no response is required.

WHEREFORE, Defendant Philadelphia Housing Authority requests judgment in its favor on Count III of plaintiff's Complaint.

## COUNT IV
### (Breach of Contract: Third Party Beneficiary)

62.     Defendant Philadelphia Housing Authority incorporates by reference the foregoing paragraphs 1 through 61 of this Answer.

63.     Denied. The allegations of this paragraph are conclusions of law to which no response is required.

64.     Denied. The allegations of this paragraph are conclusions of law to which no response is required.

65.     Denied. The allegations of this paragraph are conclusions of law to which no response is required.

100847.00610/21080711v1

66.    Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further response, PHA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding St. Paul's alleged injury, and such allegations are therefore denied.

WHEREFORE, Defendant PHA requests judgment in its favor on Count IV of plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

PHA incorporates by reference the arguments set forth in its motion to dismiss plaintiff's Complaint to the effect that St. Paul has agreed and consented to the actions of PHA set forth in the Complaint; has, therefore, waived any claims based on such actions; and is similarly estopped to assert such actions as the basis for a claim.

### SECOND AFFIRMATIVE DEFENSE

The amounts paid by PHA to San Lucas, which St. Paul contends were excessive, were based on PHA's good faith determination of San Lucas' performance at the time such payments were made.

### THIRD AFFIRMATIVE DEFENSE

To the extent that alleged overpayments were made by PHA to San Lucas as set forth by St. Paul in its Complaint, those payments were applied by San Lucas to pay for the materials used in construction of the Project, as a result of which no release of St. Paul results from such payments.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that alleged overpayments were made by PHA to San Lucas as set forth by St. Paul in its Complaint, those payments were made in the good faith belief that San Lucas would be able to complete the job if those payments were made, enabling San Lucas to meet its payroll and pay for supplies, as a result of which no release of St. Paul results from such payments

## FIFTH AFFIRMATIVE DEFENSE

St. Paul's claims are barred in whole or in part by its own failure to act with commercial reasonableness.

## SIXTH AFFIRMATIVE DEFENSE

St. Paul's claims are barred in whole or in part by its failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

No act or omission on the part of PHA was the cause, whether proximate, legal or otherwise, or a substantial factor in causing any of the damages alleged.

## EIGHTH AFFIRMATIVE DEFENSE

St. Paul's damages, if any, were caused in whole or in part by St. Paul's own acts and/or omissions.

## COUNTERCLAIM

1.     The actions of St. Paul in demanding, on December 21, 1999, that PHA refrain from paying out any portion of the remaining contract balance to San Lucas without St. Paul's consent, made it impossible for San Lucas to complete the Project, and led directly to San Lucas' default and termination.

100847.00610/21080711v1

2. PHA acted in accordance with St. Paul's demand that it make no further payments to San Lucas.

3. San Lucas filed suit against St. Paul, PHA and others in the Court of Common Pleas of Philadelphia County ["the State Court Action"] seeking relief against St. Paul, PHA and others for such actions.

4. San Lucas' claim against St. Paul was dismissed, based on provisions in the General Agreement of Indemnity attached to plaintiff's Complaint as Exhibit 5.

5. In the event that San Lucas might recover any judgment in its favor against PHA in the State Court Action, then St. Paul would be liable to PHA for indemnity or contribution, since PHA acted on the basis of St. Paul's demand, and that action led to San Lucas' inability to complete the Project, and its consequent termination.

WHEREFORE, Defendant Philadelphia Housing Authority respectfully requests that this Court enter judgment in its favor and against Plaintiff St. Paul Mercury Insurance Company, and further requests an award of costs and such other relief as this Court may deem just and equitable.

BLANK ROME COMISKY & MCCAULEY LLP

BY: _____
DENIS JAMES LAWLER
DANIEL E. RHYNHART
One Logan Square
Philadelphia, PA 19103-6998
(215) 569-5500

Attorneys for Defendant,
Philadelphia Housing Authority

Dated: November 8, 2002

## CERTIFICATE OF SERVICE

I, Lisa F. Troilo, hereby certify that I am an employee of Blank Rome Comisky & McCauley LLP, as secretary to Denis James Lawler, Esq., and that on the 8th day of November, 2002, I did cause to be served a true and correct copy of the foregoing Answer, Affirmative Defenses and Counterclaim of Defendant Philadelphia Housing Authority to Complaint by United States First Class Mail, postage prepaid, upon counsel of record as noted below:

William J. Devlin, Jr., Esquire
Devlin & Devine
100 West Elm Street, Suite 200
Conshohocken, PA  19428

Paul F. Strain, Esquire
James A. Dunbar, Esquire
Venable Baetjer & Howard, LLP
1800 Merchantile Bank & Trust B
2 Hopkins Plaza
Baltimore, MD  21201-2978

_____
Lisa F. Troilo