IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY,<br>385 Washington Street<br>St. Paul, MN 55102<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>PHILADELPHIA HOUSING AUTHORITY,<br>2012 Chestnut Street<br>Philadelphia, PA 19154<br><br>　　　　　Defendant,<br><br>　　　　　v.<br><br>SAN LUCAS CONSTRUCTION COMPANY INC.,<br>534 South 15th Street<br>Philadelphia, PA 19146<br><br>　　　　　Additional Defendant. | CIVIL ACTION<br>NO. 02-CV-3511 |

THIRD PARTY COMPLAINT OF
DEFENDANT PHILADELPHIA HOUSING AUTHORITY
AGAINST ADDITIONAL DEFENDANT
<u>SAN LUCAS CONSTRUCTION COMPANY, INC.</u>

　　Defendant Philadelphia Housing Authority ("PHA"), by its undersigned counsel, files this Third Party Complaint against San Lucas Construction Company, Inc. ("San Lucas") pursuant to Rule 14(a) of the Federal Rules of Civil Procedure and avers as follows:

1.  Plaintiff St. Paul Mercury Insurance Company ("St. Paul") filed suit against PHA in this Court on May 31, 2002, alleging four causes of action: (1) breach of surety rights; (2) breach of takeover agreement; (3) negligence; and (4) breach of contract – third party beneficiary. A true and correct copy of the Complaint is attached and marked Exhibit "A."

2.  As alleged in the Complaint, St. Paul issued Performance and Materialmen's Bonds to San Lucas, the general contractor for a PHA construction project. St. Paul took over and completed work on the construction project following termination of San Lucas by PHA. See Exhibit "A."

3.  St. Paul claims to have incurred over $6 million in expenses in connection with completion of San Lucas' obligations. See Exhibit "A" at ¶¶ 43, 44.

4.  St. Paul alleges that PHA made "substantial overpayments" to San Lucas for work that was "incomplete, defective and/or never undertaken." See Exhibit "A" at ¶ 48.

5.  St. Paul claims that it has suffered injury as a result of the alleged overpayments made by PHA to San Lucas. See Exhibit "A" at ¶¶ 50, 61.

6.  PHA denies that it made any overpayments to San Lucas for work that was incomplete, defective or never started, and further denies that St. Paul suffered any damages (St. Paul merely expended monies fulfilling its contract obligations under its Performance and Materialmen's Bonds). A true and correct of PHA's Answer with Affirmative Defenses is attached and marked Exhibit "B."

7.  Under the terms of its contract with PHA, San Lucas was required to submit periodic requests for progress payments, with estimates showing the value of work

performed up to that point. See General Conditions of the Contract for Construction, attached to Plaintiff's Complaint as Exhibit 2, at ¶ 27(d) & (e)(1).

8. Along with each request for progress payment, San Lucas was obligated to furnish a certification that, to the best of its knowledge and belief, the amounts requested were only for performance in accordance with the specifications, terms and conditions of the contract. See General Conditions of the Contract for Construction, attached to Plaintiff's Complaint as Exhibit 2, at ¶ 27(d) & (e)(1).

9. Over the course of the project, San Lucas certified in each request for progress payment submitted to PHA that the amounts requested were only for performance in accordance with the specifications, terms and conditions of the contract.

10. When PHA made payments to San Lucas, it did so in reliance upon San Lucas' certifications and estimates showing the value of the work performed.

11. If, as alleged by St. Paul, PHA made "substantial overpayments" to San Lucas for work that was incomplete, defective and/or never undertaken, which PHA denies, then San Lucas is responsible for the alleged overpayments as a result of its own misrepresentations and San Lucas has received and is in wrongful possession of contract monies to which it is not entitled.

12. Without admitting any of the allegations in St. Paul's Complaint, PHA incorporates by reference those allegations and asserts that San Lucas is liable over to original defendant PHA for contribution and/or indemnity to the extent of any overpayments.

100847.00610/21081118v1

13. This Court has subject matter jurisdiction over this third party action pursuant to 28 U.S.C. § 1367, because it involves claims that are so related to the claims asserted by St. Paul against PHA in its Complaint that they form part of the same case or controversy under Article III of the United States Constitution.

WHEREFORE, Defendant Philadelphia Housing Authority demands judgment in its favor and against San Lucas Construction Company, Inc., for all sums that may be awarded in favor of Plaintiff, St. Paul Mercury Insurance Company, together with such other further relief as this Court may deem appropriate.

                Respectfully submitted,

                BLANK ROME COMISKY & MCCAULEY LLP

                BY: _____
                DENIS JAMES LAWLER
                DANIEL E. RHYNHART
                One Logan Square
                Philadelphia, PA 19103-6998
                (215) 569-5500

                Attorneys for Defendant,
                Philadelphia Housing Authority

Dated: November 19, 2002

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Third Party Complaint of Defendant Philadelphia Housing Authority Against Additional Defendant San Lucas Construction Company, Inc. was served this 19th day of November, 2002 by first class mail upon counsel of record as noted below:

William J. Devlin, Jr., Esquire
Devlin & Devine
100 West Elm Street, Suite 200
Conshohocken, PA 19428

James Dunbar, Esquire
Paul F. Strain, Esquire
Venable Baetjer & Howard, LLP
1800 Merchantile Bank & Trust B
2 Hopkins Plaza
Baltimore, MD 21201-2978

_____
DANIEL E. RHYNHART