IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA HOUSING AUTHORITY | : | NO. 02-3511 |

### ORDER

     AND NOW, this 14th day of March, 2003, upon recommendation of Magistrate Judge M. Faith Angell following a settlement conference held March 12, 2003, it is **ORDERED** that this court's Order of January 21, 2003, is **MODIFIED** as follows:

    1. Pretrial memoranda in accordance with Fed. R. Civ. P. 26 as amended, Local Rule 16.1(c), and the rules of this judge as stated in the Handbook of Pre-Trial and Trial Practices and Procedures of the United States District Court for the Eastern District of Pennsylvania (available from the Clerk of Court or the Philadelphia Bar Association) shall be filed jointly as follows:

        Plaintiff - on or before **April 21, 2003.**
        Defendant - on or before **May 21, 2003.**

    Plaintiff shall propose stipulated facts. Defendant shall state agreement or disagreement with each of plaintiff's proposed stipulated facts and may counter-propose stipulated facts to which plaintiff is obligated to respond prior to the final pretrial conference.

    Exhibits shall be submitted to chambers with the final pretrial memoranda. In accordance with Fed. R. Civ. P. 26(a)(3), listed exhibits shall be numbered and **premarked** for use at trial; no exhibit shall be listed unless it is already in the possession of opposing counsel. **Only listed exhibits may be used in the party's case-in-chief** except by leave of court.

    All witnesses as to liability and damages should be listed. Only listed witnesses may testify at trial except by leave of court. Any party who intends to use deposition testimony at trial must submit deposition designations, counter-designations and objections in the final pretrial memorandum.

    If it is believed that any additional discovery is necessary, it must be specifically requested, with the justification stated, in the pretrial memorandum.

    Any other pretrial or trial matter requiring attention of the judge prior to trial, including but not limited to subjects for consideration at pretrial conferences listed in Fed. R. Civ. P. 16(c)(1-16), shall be specifically addressed in the final pretrial memorandum.

**Any motions for summary judgment or other pretrial motions must be filed on or before the due date of the moving party's pretrial memorandum**; an answer to any such motion must be filed within the time provided by the Rules of Civil Procedure. No reply is contemplated. Oral argument on any such motions will be heard at the final pretrial conference.

2. Expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2) shall be due for both parties **on or before the date of that party's pre-trial memorandum.** If the opposing party wishes to depose the expert, the deposition shall be taken on or before the due date of that party's pretrial memorandum, unless earlier ordered by the court. An expert's testimony at trial shall be limited to the information provided by the due date of a party's pretrial memorandum. This includes testimony of treating physicians who will testify regarding diagnosis, prognosis or causation.

3. The final pretrial conference previously noticed for May 19, 2003 will be held on **June 16, 2003** at **4:00 p.m.** Trial counsel must attend. It is the responsibility of any trial counsel who cannot attend to contact the court as soon as any conflict becomes known so the court may consider rescheduling the conference. **Unless the court has otherwise granted permission, whoever attends the final pretrial conference will try the case.**

**In addition to each trial counsel, a representative of each plaintiff and defendant with <u>full authority</u> to settle the case shall attend. In the case of defendant, both a representative of the defendant company and a representative from their insurance carrier shall attend; both shall have the requisite settlement authority. Telephone availability is not acceptable unless leave of court has been granted. Failure to comply with this order may result in SANCTIONS in accordance with the Federal Rules of Civil Procedure.**

4. This case will be placed in the jury trial pool on **June 17, 2003**, subject to call on 48 hours notice in accordance with the standing rule of this court as published in <u>The Legal Intelligencer</u>. **On or before the date of trial, the parties shall submit points for charge and may submit proposed voir dire questions or jury interrogatories, preferably on a computer disk.**

S.J.