IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY | * |
| Plaintiff | * |
| v. | * Civil Action No. 02-CV-3511 |
| PHILADELPHIA HOUSING AUTHORITY | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW SUPPORTING PLAINTIFF ST. PAUL MERCURY INSURANCE COMPANY'S MOTION REQUESTING PRETRIAL RULING ON BURDEN OF PROOF**

I. ARGUMENT

At trial, it should be PHA's burden to prove as an affirmative defense that St. Paul suffered no prejudice from PHA's overpayments to San Lucas Construction Company ("San Lucas"). Although no previous decisions of this Court or the Pennsylvania courts decide this issue, the better reasoned decisions in other jurisdictions confirm that PHA should bear the burden of proof on the issue of whether St. Paul suffered prejudice from PHA's overpayments to San Lucas.

The *Pro Tanto* Discharge Rule, as it applies to a surety's claim arising from an overpayment to a contractor, provides:

> [w]here there has been a material departure from contractual provisions relating to payments and the security of retained funds, a compensated surety is discharged from its obligations on the performance bond to the extent that such unauthorized payments result in prejudice or injury.

North Am. Specialty Ins. v. Chichester Sch. Dist., 2000 WL 1052055 at *12 (E.D. Pa. July 20, 2000)(citing United States v. Continental Cas. Co., 512 F.2d 475, 477 (5th Cir. 1975); National

TO1DOCS/164126v6

<u>Union Indem. Co. v. G.E. Bass and Co.</u>, 369 F.2d 75, 77 (5th Cir. 1966)). *Pro Tanto* discharge for a compensated surety occurs when the evidence establishes: (1) proof of a material modification to the underlying contract; and (2) injury or prejudice to the surety. <u>Chichester</u> at *12.

In <u>Chichester</u> this Court, after noting that other courts are split on the issue of which party has the burden of proof of the second factor (that is, prejudice to the surety), "defer[red] the burden of proof question until a later date." <u>Chichester</u>, at *14 n.20. St. Paul is aware of no subsequent determination of this issue by this Court, the Third Circuit, or the Pennsylvania courts that would control in this case.

Therefore, St. Paul requests that the Court follow the well-reasoned decisions of other jurisdictions that have placed the burden of proof of prejudice on the obligee, not the surety. <u>Mergentime Corp. v. Washington Metropolitan Area Transit Authority</u>, 775 F. Supp. 14 (D.D.C. 1991), is factually analogous to the present case. <u>Mergentime</u> concerned a governmental owner that chose to make payments to a construction contractor substantially "over and above regular progress payments under the[ir] original contracts" and to release "over $1 million in retainage payments" despite problems with the project. <u>Id.</u> at 15, 17. The contractor's surety, like St. Paul in this case, claimed prejudice from these additional payments, which were "effected without its knowledge or consent." <u>Id.</u> at 17. The <u>Mergentime</u> court held, on these closely comparable facts, that the obligee, not the surety, "bears the burden of persuasion on the issue of prejudice." <u>Id.</u> at 21.

The court in <u>Reliance Ins. Co. v. Colbert</u>, 365 F.2d 530 (D.C. Cir. 1966), on which the <u>Mergentime</u> court relied, reached a similar conclusion. <u>Reliance</u> was a suit by a group of church

trustees who contracted with a builder to construct an annex; the builder in turn procured a bond from a surety company. Id. at 531. As in the present case, the contractor abandoned work before the project was finished, and "more money was paid to the contractor than he should have received by the time he finally abandoned construction." Id. at 531, 535 n.5. The court held that "the burden of persuasion on the issue of prejudice in this case should be on appellees [*i.e.*, the trustees who contracted with the builder]." Id. at 531, 535.

Similarly, in Gibbs v. Hartford Accident & Indem. Co., 62 So. 2d 599 (Fla. 1952), the court placed the burden of proof on the owner to establish the absence of prejudice resulting from his premature payments to the contractor:

> Of course, [owner] at the trial should be required to prove not only that all of the money went into the construction of the house but that the house was constructed in accordance with the original plans and specifications, except, of course, changes made as permitted by contract.

Id. at 602. By analogy, in this case, PHA rightfully should bear the burden of showing that all the money it prematurely paid and released to San Lucas went into the Richard Allen Homes project for work in conformity with the contract.

It is not only lawfully proper, but also logical, to place on the obligee the burden of proving lack of prejudice to the surety. The obligee logically had the burden of preventing such prejudice in the first place, and therefore should have the corresponding burden to disprove prejudice if it places that question in issue. See James A. Knox, Jr., "Quid Without Quo: The Surety's Overpayment Defense," 13 Construction Lawyer 3, *5 (Oct. 1994)("The burden of avoiding overpayment ought to rest primarily on the government, not on the surety, because the surety is not in the business of monitoring payment to its many principals on many projects, whereas the government has a contracting officer assigned to the particular project at issue.").

Furthermore, the obligee, who had daily access to and supervision of the project, has better access to evidence on the issue of prejudice resulting from its actions. See, e.g., School Board of Escambia County v. Premier Ins. Co., 110 F. Supp. 2d 1351, 1354 (N.D. Fla. 2000)(holding surety notified late of default and its consequently accruing damages "did not have the opportunity to gather the data necessary to demonstrate prejudice," and therefore court would not "place a burden on the non-defaulting surety to come forth with affirmative evidence that it was 'prejudiced.'").[1]

## II. CONCLUSION

In accordance with the foregoing authority, St. Paul respectfully requests a pretrial ruling by the Court placing the burden of proof on PHA concerning the issue of prejudice (or lack thereof) to St. Paul resulting from PHA's premature payments to San Lucas.

Respectfully submitted,

**VENABLE, BAETJER AND HOWARD, LLP**

By: _/s/ James A. Dunbar_
Paul F. Strain
James A. Dunbar
1800 Mercantile Bank & Trust Building
Two Hopkins Plaza
Baltimore, Maryland 21201
(410) 244-7400
Attorneys for Plaintiff and Counter-Defendant
St. Paul Mercury Insurance Company d/b/a The St. Paul Surety

---

[1] There are, as Chichester noted, cases that stand for the contrary proposition that the surety bears the burden of proving prejudice. See, e.g., United States v. Reliance Ins. Co., 799 F.2d 1382, 1385 (9th Cir. 1986); Fidelity and Deposit Co. v. County of Lake, 2000 WL 347770 at #5 (N.D. Ill. April 3, 2000).

DEVLIN & DEVINE

Dated: July 9, 2003                By: /s/ William J. Devlin, Jr.
William J. Devlin, Jr.
Devlin & Devine
100 West Elm Street, Suite 200
Conshohocken, Pennsylvania 19428
(610) 397-4600

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of July, 2003, copies of Plaintiff St. Paul Mercury Insurance Company's Motion And Memorandum Of Law Requesting Pretrial Ruling On Burden Of Proof were mailed via first-class mail, postage prepaid, to:

Denis James Lawler, Esquire
Daniel E. Rhynhart, Esquire
Blank Rome Comisky & McCauley, LLP
One Logan Square
Philadelphia, PA 19103-6998
Counsel for Defendant and Counter-Plaintiff
Philadelphia Housing Authority

/s/ William J. Devlin, Jr.
William J. Devlin, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ST. PAUL MERCURY INSURANCE COMPANY *
　　　　　　　　　　　　　　　　　　　*
　　Plaintiff　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
v.　　　　　　　　　　　　　　　　　　*　　Civil Action No. 02-CV-3511
　　　　　　　　　　　　　　　　　　　*
PHILADELPHIA HOUSING AUTHORITY　　　　*
　　　　　　　　　　　　　　　　　　　*
　　Defendant.　　　　　　　　　　　　*

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

**MEMORANDUM OF LAW SUPPORTING PLAINTIFF ST. PAUL MERCURY INSURANCE COMPANY'S MOTION REQUESTING PRETRIAL RULING ON BURDEN OF PROOF**

I.　　ARGUMENT

At trial, it should be PHA's burden to prove as an affirmative defense that St. Paul suffered no prejudice from PHA's overpayments to San Lucas Construction Company ("San Lucas"). Although no previous decisions of this Court or the Pennsylvania courts decide this issue, the better reasoned decisions in other jurisdictions confirm that PHA should bear the burden of proof on the issue of whether St. Paul suffered prejudice from PHA's overpayments to San Lucas.

The *Pro Tanto* Discharge Rule, as it applies to a surety's claim arising from an overpayment to a contractor, provides:

> [w]here there has been a material departure from contractual provisions relating to payments and the security of retained funds, a compensated surety is discharged from its obligations on the performance bond to the extent that such unauthorized payments result in prejudice or injury.

North Am. Specialty Ins. v. Chichester Sch. Dist., 2000 WL 1052055 at *12 (E.D. Pa. July 20, 2000)(citing United States v. Continental Cas. Co., 512 F.2d 475, 477 (5th Cir. 1975); National

TO1DOCS/164126v6

Union Indem. Co. v. G.E. Bass and Co., 369 F.2d 75, 77 (5th Cir. 1966)). *Pro Tanto* discharge for a compensated surety occurs when the evidence establishes: (1) proof of a material modification to the underlying contract; and (2) injury or prejudice to the surety. Chichester at *12.

In Chichester this Court, after noting that other courts are split on the issue of which party has the burden of proof of the second factor (that is, prejudice to the surety), "defer[red] the burden of proof question until a later date." Chichester, at *14 n.20. St. Paul is aware of no subsequent determination of this issue by this Court, the Third Circuit, or the Pennsylvania courts that would control in this case.

Therefore, St. Paul requests that the Court follow the well-reasoned decisions of other jurisdictions that have placed the burden of proof of prejudice on the obligee, not the surety. Mergentime Corp. v. Washington Metropolitan Area Transit Authority, 775 F. Supp. 14 (D.D.C. 1991), is factually analogous to the present case. Mergentime concerned a governmental owner that chose to make payments to a construction contractor substantially "over and above regular progress payments under the[ir] original contracts" and to release "over $1 million in retainage payments" despite problems with the project. Id. at 15, 17. The contractor's surety, like St. Paul in this case, claimed prejudice from these additional payments, which were "effected without its knowledge or consent." Id. at 17. The Mergentime court held, on these closely comparable facts, that the obligee, not the surety, "bears the burden of persuasion on the issue of prejudice." Id. at 21.

The court in Reliance Ins. Co. v. Colbert, 365 F.2d 530 (D.C. Cir. 1966), on which the Mergentime court relied, reached a similar conclusion. Reliance was a suit by a group of church

trustees who contracted with a builder to construct an annex; the builder in turn procured a bond from a surety company. Id. at 531. As in the present case, the contractor abandoned work before the project was finished, and "more money was paid to the contractor than he should have received by the time he finally abandoned construction." Id. at 531, 535 n.5. The court held that "the burden of persuasion on the issue of prejudice in this case should be on appellees [*i.e.*, the trustees who contracted with the builder]." Id. at 531, 535.

Similarly, in Gibbs v. Hartford Accident & Indem. Co., 62 So. 2d 599 (Fla. 1952), the court placed the burden of proof on the owner to establish the absence of prejudice resulting from his premature payments to the contractor:

> Of course, [owner] at the trial should be required to prove not only that all of the money went into the construction of the house but that the house was constructed in accordance with the original plans and specifications, except, of course, changes made as permitted by contract.

Id. at 602. By analogy, in this case, PHA rightfully should bear the burden of showing that all the money it prematurely paid and released to San Lucas went into the Richard Allen Homes project for work in conformity with the contract.

It is not only lawfully proper, but also logical, to place on the obligee the burden of proving lack of prejudice to the surety. The obligee logically had the burden of preventing such prejudice in the first place, and therefore should have the corresponding burden to disprove prejudice if it places that question in issue. See James A. Knox, Jr., "Quid Without Quo: The Surety's Overpayment Defense," 13 Construction Lawyer 3, *5 (Oct. 1994)("The burden of avoiding overpayment ought to rest primarily on the government, not on the surety, because the surety is not in the business of monitoring payment to its many principals on many projects, whereas the government has a contracting officer assigned to the particular project at issue.").

TO1DOCS/164126v6                          3

Furthermore, the obligee, who had daily access to and supervision of the project, has better access to evidence on the issue of prejudice resulting from its actions. See, e.g., School Board of Escambia County v. Premier Ins. Co., 110 F. Supp. 2d 1351, 1354 (N.D. Fla. 2000)(holding surety notified late of default and its consequently accruing damages "did not have the opportunity to gather the data necessary to demonstrate prejudice," and therefore court would not "place a burden on the non-defaulting surety to come forth with affirmative evidence that it was 'prejudiced.'").[1]

## II. CONCLUSION

In accordance with the foregoing authority, St. Paul respectfully requests a pretrial ruling by the Court placing the burden of proof on PHA concerning the issue of prejudice (or lack thereof) to St. Paul resulting from PHA's premature payments to San Lucas.

Respectfully submitted,

**VENABLE, BAETJER AND HOWARD, LLP**

By: _/s/ James A. Dunbar/KEW/_
Paul F. Strain
James A. Dunbar
1800 Mercantile Bank & Trust Building
Two Hopkins Plaza
Baltimore, Maryland 21201
(410) 244-7400
Attorneys for Plaintiff and Counter-Defendant
St. Paul Mercury Insurance Company d/b/a The St. Paul Surety

---

[1] There are, as Chichester noted, cases that stand for the contrary proposition that the surety bears the burden of proving prejudice. See, e.g., United States v. Reliance Ins. Co., 799 F.2d 1382, 1385 (9th Cir. 1986); Fidelity and Deposit Co. v. County of Lake, 2000 WL 347770 at #5 (N.D. Ill. April 3, 2000).

DEVLIN & DEVINE

Dated: July 9, 2003

By: /s/ William J. Devlin, Jr.
William J. Devlin, Jr.
Devlin & Devine
100 West Elm Street, Suite 200
Conshohocken, Pennsylvania 19428
(610) 397-4600

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of July, 2003, copies of Plaintiff St. Paul Mercury Insurance Company's Motion And Memorandum Of Law Requesting Pretrial Ruling On Burden Of Proof were mailed via first-class mail, postage prepaid, to:

Denis James Lawler, Esquire
Daniel E. Rhynhart, Esquire
Blank Rome Comisky & McCauley, LLP
One Logan Square
Philadelphia, PA 19103-6998
Counsel for Defendant and Counter-Plaintiff
Philadelphia Housing Authority

/s/ William J. Devlin, Jr.
William J. Devlin, Jr.

TO1DOCS/164126v6                5