## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ST. PAUL MERCURY INSURANCE
COMPANY        *

      Plaintiff       *

      *

v.       *

PHILADELPHIA HOUSING       *     Civil Action No. 02-CV-3511
AUTHORITY       *

      Defendant.       *

    *     *     *     *     *     *     *     *     *

## MEMORANDUM OF LAW SUPPORTING PLAINTIFF
## ST. PAUL MERCURY INSURANCE COMPANY'S
## MOTION TO PRECLUDE TESTIMONY OF CERTAIN WITNESSES

### I.     INTRODUCTION

PHA has identified more than twenty-five individuals as prospective witnesses in its pretrial statement. <u>PHA failed to identify ten of them as persons having relevant knowledge, in either its Initial Disclosures or its Interrogatory Answers.</u> St. Paul now moves to preclude the testimony of three of these previously undisclosed witnesses -- James Conlin, Vince Mancini, and George Gomez.

### I.     PROCEDURAL FACTS

On September 24, 2002, in its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1), PHA identified twenty-three individuals as knowledgeable persons and potential witnesses in this case. (See ***Exhibit A***, PHA's Initial Disclosures at 2-8.) On February 20, 2003, PHA identified twenty-two such persons in its answers to interrogatories. (See ***Exhibit B***, Answers and Objections of Defendant, Philadelphia Housing Authority, to Plaintiff's Interrogatories, Answers Nos. 8 and 16.) Discovery closed on May 22, 2003.

On June 23, 2003, in its Pretrial Memorandum, PHA for the first time identified ten potential fact witnesses never previously identified in its Rule 26 disclosures and interrogatory answers. They were Jack Balawich, James Conlin, Joyce Freeman, George Gomez, Douglas Hansen, Peter Iwaniw, Walter Logan, Vince Mancini, Clarence Mosely, and Ramesh Panchwagh. St. Paul has some familiarity with several of these witnesses from documents produced and depositions taken during discovery. Accordingly, St. Paul does not ask that all ten of the newly named witnesses be precluded from testifying, but only three, for the reasons stated below.

## II. ARGUMENT

St. Paul requests preclusion of three witnesses never previously indicated to have any relevant knowledge about, or importance to, the case: James Conlin, Vince Mancini, and George Gomez. They should be excluded pursuant to Federal Rules of Civil Procedure 26 and 37 and the case law interpreting those Rules. Gomez's designation as a trial witness for PHA is further objectionable because the address information PHA provided for him is inaccurate and St. Paul has not been able to find and interview him and thereby partially remedy PHA's failure to identify him during discovery.

A.    PHA Has Not Complied With Federal Rule of Civil Procedure 26(e)'s Requirement of Timely Supplementation of Discovery Responses.

Federal Rule of Civil Procedure 26(e) provides, in pertinent part:

A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:

(1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed

is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

(2)  A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. Rule 26(e) (2003).  Not only the applicable rules, but also "good faith would require that information acquired subsequent to the filing of an answer to interrogatories must be disclosed by supplemental answer."  Taggart v. Vermont Trans. Co., 32 F.R.D. 587, 589 (E.D. Pa. 1963).

PHA both "made a disclosure" and "responded to a request for discovery with a disclosure or response" concerning the identity of persons with knowledge of relevant facts. (See PHA's Initial Disclosures at 2-8; see also Ex. A, at Interrogatory Answers Nos. 8 and 16.)) Thus, PHA was under a double duty to supplement its disclosures and interrogatory answers as to potential witnesses "at appropriate intervals" and "seasonably," but altogether failed to do so regarding Conlin, Mancini, and Gomez.  Instead, PHA brought these individuals to St. Paul's attention as prospective witnesses for the first time on June 23, 2003, after discovery was closed and less than a month before this case was scheduled to enter the trial pool.

B.    PHA Failed To Provide An Accurate Address For George Gomez.

PHA, in its Pretrial Memorandum, gave the following address information for George Gomez: "Foreman, San Lucas, 534 South 15th Street, Philadelphia, PA 19146." (Pretrial Memorandum of Defendant Philadelphia Housing Authority at 10.)  Because PHA failed to disclose the existence of this potential witness until after discovery ended, St. Paul retained a

private investigator to locate and interview Gomez but, despite persistent efforts to date, the

investigator has not located him at the address given, which is the former location of his former

employer, which has now closed.  PHA's failure to provide either a home address or a telephone

number for Gomez has further hindered St. Paul's efforts to find him.  As a result, St. Paul has

been unable to overcome the prejudice it has suffered from PHA's deficient disclosures

concerning Gomez.

C.      Exclusion of the Testimony of Conlin, Mancini, and Gomez Is
        Appropriate Under Federal Rule of Civil Procedure 37 and Federal Rule
        of Evidence 403.

Federal Rule of Civil Procedure 37(c) provides, in pertinent part:

> (1) A party that without substantial justification fails to disclose information required by
> Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule
> 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a
> hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. Rule 37(c)(1) (2003).  Although the power to exclude evidence "is to be

exercised with the utmost caution and restraint," it is "nevertheless a power fully recognized by

the Rules and inherent in the judicial function."  Taggart, 32 F.R.D. at 591.

In determining whether to exclude testimony, a court must consider the following factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses
> would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to
> which waiver of the rule against calling unlisted witnesses would disrupt the orderly and
> efficient trial of that case or other cases in the court, and (4) bad faith or willfulness in
> failing to comply with the court's [discovery] order.

Gant v. Klenzade, Inc., 155 F.R.D. 102, 103 (E.D. Pa. 1994)(citation omitted).  "In addition to

the above factors, the court also should consider the importance of the excluded testimony."  Id.

Under those standards, the testimony of Conlin, Mancini, and Gomez should be excluded at trial,

as the closely analogous facts of Gant make clear.

In <u>Gant</u>, as in this case, the party seeking sanctions "served interrogatories on [the opposing party] seeking the identification of any fact witnesses known to" that party. <u>Id.</u>; <u>see also</u> Ex. B at Interrogatories Nos. 8 and 16. In <u>Gant</u>, again as in this case, the party responding to discovery did not name certain witnesses either in its initial discovery responses or by any supplementation of them, but instead identified those new fact witnesses for the first time in its pretrial statement. <u>Id.</u> Additionally, in <u>Gant</u> the discovering party argued that it would be prejudiced if the newly named witnesses were permitted to testify, arguing that it must take the time to depose them, "investigate any claims that they may make and prepare a defense to their testimony, while at the same time being prepared to go to trial shortly upon the completion of this additional discovery." <u>Id.</u> St. Paul finds itself in a similar bind in this case, with the still more prejudicial difference that it cannot even depose these newly named witnesses, as discovery has closed.

Accordingly, it is appropriate to exclude the testimony of Conlin, Mancini, and Gomez, under the reasoning and authority of <u>Gant</u>. This is particularly true upon consideration of the "importance of the excluded testimony," <u>see id.</u> at 103—or, more accurately, its unimportance. The testimony of Conlin and Mancini appears duplicative of the testimony of numerous other witnesses identified in PHA's Pretrial Memorandum. For example, the subject of information on which PHA intends Conlin and Mancini to testify is identical to that for Albert J. Novack (PHA's Pretrial Memorandum at 7). The anticipated testimony of Conlin and Mancini also overlaps with that of Lyncoln Trower and Ramesh Panchwagh. (<u>Id.</u> at 7, 8, 10.)

Thus, as in <u>Gant</u>, exclusion of the objectionable witnesses is proper because the ability of other witnesses to cover the same ground leaves "little reason to believe that these are critical

witnesses to [the] case" of the party designating them.  See Gant, 155 F.R.D. at 103.  As their anticipated testimony is cumulative, it should be excluded in any event under Federal Rule of Evidence 403, which permits exclusion of even probative evidence if its admission would cause "waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403 (2003).  Such considerations are particularly important in this case, where the parties have estimated needing ten days of trial time, and PHA's estimate that it can present its case in chief in four days appears conservative given its identification of more than twenty-five live witnesses, three witnesses by deposition testimony, and 122 trial exhibits.  (See PHA's Pretrial Memorandum at 6-13, 15-24.)

As discussed above, PHA had failed to disclose information required by Rule 26(a) and 26(e)(1), in that it failed to identify Conlin, Mancini, and Gomez as knowledgeable persons or potential witnesses for PHA in either its initial disclosures or its interrogatory answers.  PHA further failed to identify these witnesses by supplementing its disclosures and answers as Rule 26(e)(2) requires.  Thus, it is appropriate for this Court to apply Rule 37 to preclude those three witnesses from testifying at trial.  As this Court has acknowledged under comparable circumstances, to rule otherwise would permit PHA "to reap an affirmative and surprising advantage at the time of trial" and reinforce "an attitude of chaotic indifference to the most fundamental requirements of discovery."  Taggart, 32 F.R.D. at 590 (excluding testimony of fact witness never identified via original or supplemental interrogatory answers).

II.    CONCLUSION

On the basis of all of the foregoing grounds and authorities, St. Paul respectfully requests that PHA be prohibited from introducing the testimony of James Conlin, Vince Mancini, and George Gomez at trial.

Respectfully submitted,

**VENABLE, BAETJER AND HOWARD, LLP**

By: _____
   Paul F. Strain
   James A. Dunbar
   1800 Mercantile Bank & Trust Building
   Two Hopkins Plaza
   Baltimore, Maryland  21201
   (410) 244-7400

**DEVLIN & DEVINE**

Dated: 7/30/03

By: _____
   William J. Devlin, Jr.
   Devlin & Devine
   100 West Elm Street, Suite 200
   Conshohocken, Pennsylvania  19428
   (610) 397-4600
   Attorneys for Plaintiff
   St. Paul Mercury Insurance Company

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __31st__ day of July, 2003, copies of **Plaintiff St.**

**Paul Mercury Insurance Company's Motion To Preclude Testimony of Certain Witnesses,**

**Memorandum of Law in Support thereof, and proposed Order**, were telecopied and mailed

via first-class mail, postage prepaid, to:

> Denis James Lawler, Esquire
> Daniel E. Rhynhart, Esquire
> Blank Rome Comisky & McCauley, LLP
> One Logan Square
> Philadelphia, PA  19103-6998
> Counsel for Philadelphia Housing Authority

James A. Dunbar