

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY | : | CIVIL ACTION |
|  | : |  |
| Plaintiff, | : | NO. 02-CV-3511 |
| v. | : |  |
|  | : |  |
| PHILADELPHIA HOUSING AUTHORITY | : |  |
|  | : |  |
| Defendant. | : |  |

## ANSWERS AND OBJECTIONS OF DEFENDANT, PHILADELPHIA HOUSING AUTHORITY, TO PLAINTIFF'S INTERROGATORIES

Defendant Philadelphia Housing Authority ("PHA"), by its undersigned counsel, serves its Answers and Objections to Plaintiff's Interrogatories in accordance with Fed. R. Civ. P. 33(b) and avers as follows:

## GENERAL OBJECTIONS

1.    PHA objects to the interrogatories to the extent that they seek documents and information not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

2.    PHA objects to the interrogatories to the extent that they are overly broad, unduly burdensome, vexatious and/or unreasonable.

3.    PHA objects to the interrogatories to the extent that they exceed the scope of discovery permitted by the Federal Rules of Civil Procedure.

*Exhibit B*

4.    PHA objects to the interrogatories to the extent that they seek privileged attorney-client communications, attorney work product or other privileged materials

5.    PHA objects to the interrogatories to the extent that they seek confidential and/or proprietary documents and information.

6.    PHA objects to the interrogatories to the extent that they seek "all facts," "all communications" and "all documents" relating to a specific subject and reserves the right to supplement or amend these responses.

7.    These general objections shall be deemed to be continuing throughout and incorporated in PHA's specific answers and objections to these interrogatories.

## SPECIFIC ANSWERS AND OBJECTIONS

**Interrogatory No. 1:**   Identify any and all contracts and/or agreements between PHA and any person and/or entity, including but not limited to, HUD and/or the Army Corps of Engineers that relate in any way to the Project.

**Response:**  Objection.  PHA objects to this interrogatory as overly broad and unduly burdensome.  Without waiving those objections and the foregoing General Objections, PHA entered into numerous contracts relating to the Project, including without limitation: (i) contracts with each of the prime contractors, San Lucas Construction Company ("San Lucas"), DeNofa Construction ("DeNofa"), Nu-Mor Electric ("Nu-Mor"), James J. Gory Mechanical Contracting, Inc. ("Gory") and Ross-Araco Corp. ("Ross-Araco"); (ii) a contract for demolition with Delta Removal, Inc. ("Delta Removal"); (iii) a contract with the architectural firm Wallace, Roberts & Todd ("WRT"); (iv) agreements with HUD relating to the HOPE VI grant and the Project; and (v) the Takeover Agreement with St. Paul.  By way

2

of further response, PHA has complied with Fed. R. Civ. P. 33(d), both through its production of documents to St. Paul (for example, see documents in bates range 675-1191 and 1273-1350) and by permitting St. Paul reasonable opportunity to inspect and make copies of PHA's business records from which the answer to this interrogatory can be obtained.

**Interrogatory No. 2:**   Identify any and all communications, and the dates and substance of such communications, whether written or oral, between PHA and St. Paul relating to the Project.

**Response:** Objection. PHA objects to this request to identify "all communications" during an unlimited timeframe as overly broad and unduly burdensome. Furthermore, St. Paul should already possess this information, as a party to those communications. Without waiving those objections and the foregoing General Objections, PHA lists the following key communications, without limitation: (i) 1998 St. Paul status inquiry; (ii) PHA response to status inquiry dated November 20, 1998; (iii) PHA and St. Paul meetings of August 10, 1999 and December 20, 1999, to discuss San Lucas' performance; (iv) St. Paul letter to PHA dated December 21, 1999, ordering a freeze on all contract payments; and (v) numerous oral and written communications throughout 2000 regarding the St. Paul takeover and completion of the project. PHA has complied with Fed. R. Civ. P. 33(d), both through its production of documents to St. Paul (for example, see documents in bates range 1192-1224) and by permitting St. Paul reasonable opportunity to inspect and make copies of PHA's business records from which the answer to this interrogatory can be obtained.

3

**Interrogatory No. 3:**    Identify any and all communications, and the dates and substance of such communications, whether written or oral, between PHA and anyone else relating to the Project including, but not limited to, HUD and/or the Army Corps of Engineers

**Response:** Objection. PHA objects to this interrogatory as overly broad and unduly burdensome. PHA engaged in countless oral and written communications with numerous individuals regarding the Project, throughout the HOPE VI grant application process, years of planning and design, and four years of demolition and construction. Without waiving those objections and the foregoing General Objections, PHA has complied with Fed. R. Civ. P. 33(d), both through its production of documents to St. Paul (for example, see U.S. Army Corps of Engineers documents in bates range 1719-3186 and PHA SP 1-393) and by permitting St. Paul reasonable opportunity to inspect and make copies of PHA's business records from which the answer to this interrogatory can be obtained.

**Interrogatory No. 4:**    Identify any and all communications, and the dates and substance of such communications, whether written or oral, within PHA or between PHA and any person and/or entity regarding any and all evaluations of the percentage of completion on the Project.

**Response:** Objection. PHA objects to this interrogatory as vague, overly broad and unduly burdensome. Without waiving those objections and the foregoing General Objections, PHA will assume this interrogatory refers to the percentage of completion of

4

work performed by the five prime contractors, including San Lucas.  PHA has complied with Fed. R. Civ. P. 33(d), both through its production of documents to St. Paul and by permitting St. Paul reasonable opportunity to inspect and make copies of PHA's business records from which the answer to this interrogatory can be obtained.

**Interrogatory No. 5:**    Identify any and all communications, and the dates and substance of such communications, whether written or oral, within PHA or between PHA and any person and/or entity regarding any and all payments made in connection with the Project including, but not limited to, any and all vouchers, payment records, and/or correspondence.

**Response:**  Objection.  PHA objects to this interrogatory as vague, overly broad and unduly burdensome.    Without waiving those objections and the foregoing General Objections, PHA will assume this interrogatory refers to payments made to San Lucas. PHA has complied with Fed. R. Civ. P. 33(d), both through its production of documents to St. Paul and by permitting St. Paul reasonable opportunity to inspect and make copies of PHA's business records from which the answer to this interrogatory can be obtained.

**Interrogatory No. 6:**    Identify any and all communications, and the dates and substance of such communications, whether written or oral, within PHA or between PHA and any person and/or entity regarding the reduction of retainage or requests to reduce the retainage on the Project.

**Response:**    Objection.  PHA objects to this interrogatory as vague, overly broad and unduly burdensome.    Without waiving those objections and the foregoing General Objections, PHA will assume this interrogatory refers to the retainage held by PHA pursuant to its contract with San Lucas.  PHA has complied with Fed. R. Civ. P. 33(d), both through its production of documents to St. Paul (for example, see documents bates labeled 477 and 560-61) and by permitting St. Paul reasonable opportunity to inspect and make copies of PHA's business records from which the answer to this interrogatory can be obtained.

**Interrogatory No. 7:**    Identify and describe in detail any and all actions taken by you or anyone else to monitor work on the Project, whether written or oral, including, but not limited to, any and all site visits, inspections, appraisals, assessments, evaluations, investigations, audits, and/or critiques.

**Response:**    Without waiving the foregoing General Objections, PHA primarily monitored work on the Project through its Project Manager, Ulise Rivera, and three Project Engineers, Jim Fratoni, Tim Trzaska and Greg Hampson, who were on site throughout most of the work on the Project.  By way of further response, PHA has complied with Fed. R. Civ. P. 33(d), both through its production of documents to St. Paul (for example, see U.S. Army Corps of Engineers documents in bates range 1719-3186 and SP 1-393) and by

6

permitting St. Paul reasonable opportunity to inspect and make copies of PHA's business records from which the answer to this interrogatory can be obtained.

**Interrogatory No. 8:**    Identify the names and positions of all of your past and present employees who were at any time present at the Project or otherwise involved with the Project, state the nature and extent of each such person's involvement, and provide the dates when each such person was physically present at the Project, together with a brief description of each such person's activities at the Project on the dates when he or she was there.

**Response:**  Objection.  PHA objects to this interrogatory as vague, overly broad and unduly burdensome.  PHA had numerous employees involved in the Project, including without limitation employees involved in: the HOPE VI grant proposal and application; design and planning for the Project; relocation of Richard Allen Homes tenants; contract administration; and the demolition and construction phases of the Project.  PHA will assume this interrogatory refers solely to its past and present employees involved in the construction phase of the Project, including contract administration and payments.  Without waiving those objections and the foregoing General Objections, PHA incorporates by reference its Initial Disclosures Pursuant to Rule 26 and identifies the following former and current employees involved in the Project: (i) Ulise Rivera (deceased),   PHA Project Manager; (ii) Sheila Maxwell, former PHA Contracting Officer; (iii) Larry Woods, former PHA HOPE VI Program Manager; (iv) Gregory Hampson, PHA Project Engineer; (v) Timothy Trzaska, former PHA Project Engineer; (vi) James A. Fratoni, former PHA Project Engineer; (vii)

7

Len Trower, PHA Contract Administrator; (viii) Albert J. Novack, PHA Contracts Director; (ix) Tony Brown, former PHA General Manager for Construction Support; and (x) Michael Leithead, PHA Senior Deputy Executive Director. By way of further response, PHA has complied with Fed. R. Civ. P. 33(d), both through its production of documents to St. Paul and by permitting St. Paul reasonable opportunity to inspect and make copies of PHA's business records from which the answer to this interrogatory can be obtained.

**Interrogatory No. 9:** State whether you contend that NDK in any way overcharged St. Paul for services rendered and, if so, set forth the facts, circumstances, and documents upon which you rely for your contentions.

**Response:** Objection. PHA objects to this request as an improper contention interrogatory. In accordance with the direction of the Trial Judge at the conference held on January 21, 2003, PHA is not obligated to answer contention interrogatories at this stage in the litigation. Notwithstanding that objection and the foregoing General Objections, it is irrelevant whether NDK "overcharged" St. Paul for services rendered, since St. Paul accepted and agreed to pay the fixed price that NDK bid for the completion project.

**Interrogatory No. 10:** State whether or not you contend that St. Paul paid more than a reasonable amount to complete San Lucas' work on the Project or in any way improperly administered the completion of the Project and, if so, set forth in detail the facts, circumstances, and documents upon which you rely for your contentions.

8

**Response:**  Objection.  PHA objects to this request as an improper contention interrogatory.  In accordance with the direction of the Trial Judge at the conference held on January 21, 2003, PHA is not obligated to answer contention interrogatories at this stage in the litigation.  Notwithstanding that objection and the foregoing General Objections, PHA knows that St. Paul rejected both San Lucas' offer to complete work on the Project for the original contract price and a bid from another contractor, Delta, to complete work on the Project for approximately two million dollars less than St. Paul ultimately agreed to pay NDK.  Based on that information, PHA has reason to believe that St. Paul may have paid more than a reasonable amount to complete San Lucas' work on the Project.  At the present time, however, PHA requires additional information, which will be developed in discovery, to respond to this interrogatory.  PHA will supplement this answer as necessary prior to trial.

**Interrogatory No. 11:**  Identify any and all persons and/or entities who inspected, examined, or observed San Lucas and/or its work in connection with the Project and give the date(s) and circumstances of each such inspection, examination, or observation, and identify the observations and/or results of each such inspection, examination, or observation, including an identification of any report relating to any such inspection, examination, or observation.

**Response:**  See PHA's Response to Interrogatory No. 7, above.

**Interrogatory No. 12:**  Identify any and all persons and/or entities who investigated the Project, give the date(s) and circumstances of each and every such investigation and

9

identify the conclusions and/or results of each such investigation, including an identification of any report relating to any such investigation.

   **Response:**   See PHA's Response to Interrogatory No. 7, above.


   **Interrogatory No. 13:**   If you have any knowledge or awareness of any alleged problems, defects, or deficiencies with San Lucas' work in connection with the Project, identify and describe in detail any and all such alleged problems, defects, or deficiencies, including in your identification and description the source of your knowledge; the time you acquired such knowledge; the nature and extent of the alleged problem, defect, or deficiency; the identify of persons or entities involved; any resolution of the alleged problem, defect, or deficiency; and any investigation or request for any investigation of the alleged problem, defect, or deficiency.

   **Response:**   Objection. PHA objects to this interrogatory as vague and overly broad. "Problems," "defects" and "deficiencies" are not defined in any manner in St. Paul's interrogatories, and can conceivably range from the routine day-to-day concerns of a construction job such as measurements and specification issues to more significant manpower and work capability issues. Without waiving those objections and the foregoing General Objections, PHA does have knowledge of various problems on the Project involving San Lucas, most of which involved timeliness rather than quality of performance. Those problems are irrelevant to the stage of completion of work on the Project at the time of the St. Paul takeover. By way of further response, PHA has complied with Fed. R. Civ. P. 33(d), both through its production of documents to St. Paul (for example, see documents in

10

the bates range 38-631) and by permitting St. Paul reasonable opportunity to inspect and make copies of PHA's business records from which the answer to this interrogatory can be obtained.

**Interrogatory No. 14:**    Referring to any affirmative defenses in your Answer, set forth in detail all facts and identify all documents upon which you rely for your contentions.

**Response:**    Objection.    PHA objects to this request as an improper contention interrogatory.    In accordance with the direction of the Trial Judge at the conference held on January 21, 2003, PHA is not obligated to answer contention interrogatories at this stage in the litigation.    Furthermore, the interrogatory is objectionable because it is vague and overly broad and lacks a specific reference to any particular affirmative defense.

**Interrogatory No. 15:**    Identify all persons whom you expect to call as expert witnesses at trial, the subject matter on which each expert identified is expected to testify, the substance of the facts and opinions as to which each expert is expected to testify, and summarize the grounds for each opinion.

**Response:**    Unknown at this time.    PHA has no obligation to identify its expert witness until April 21, 2003, in accordance with the January 21, 2003 Order of the Court. This answer will be supplemented in an appropriate manner at that time.

**Interrogatory No. 16:**    Identify all persons who have personal knowledge of facts relating in any way to this case, including, but not limited to, San Lucas' work on the Project,

NDK's completion of the Project, and/or any and all payments made in connection with any and all work done on the Project, and state the nature and extent of each such person's knowledge.

**Response:** Objection.  PHA objects to this interrogatory as vague, overly broad and unduly burdensome.  Numerous persons have personal knowledge regarding San Lucas' work on the Project, NDK's work completing the contract, and payments made in connection with the Project, who cannot all be identified.  Without waiving those objections and the foregoing General Objections, PHA incorporates by reference its Initial Disclosures Pursuant to Rule 26 and those individuals identified in its Response to Interrogatory No. 8, above, and further identifies the following individuals: (i) Galo Gutierrez, President, San Lucas; (ii) Clinton Biddle, San Lucas; (iii) Cyryl Edwards, DeNofa Construction; (iv) Leonard Nucero, Jr., Nu-Mor Electric; (v) Jim Gory, Gory Mechanical; (vi) Richard Widmeier and Alan J. Ross, Ross-Araco Corp.;  (vii) Dennis Glancey, Delta Removal; (viii) Bob Kahan, Contract Completion, Inc.; (ix) Dave Kamenish, NDK Contractors, Inc.; (x) Chris Ruck, St. Paul; (xi) Christine Alexander, Esquire, St. Paul; and (xii) Dave Stembel, Wallace, Roberts & Todd.  By way of further response, PHA has complied with Fed. R. Civ. P. 33(d), both through its production of documents to St. Paul and by permitting St. Paul reasonable opportunity to inspect and make copies of PHA's business records from which the answer to this interrogatory can be obtained.

**Interrogatory No. 17:**    If you contend that any declarations against interest or admissions have been made by or on behalf of St. Paul, identify each such declaration

to Contract No. 9589, and set forth all grounds, facts, circumstances and documents on which you rely to justify the appropriateness of such modification.

**Response:**  Notwithstanding the foregoing General Objections, PHA has complied with Fed. R. Civ. P. 33(d), both through its production of documents to St. Paul and by permitting St. Paul reasonable opportunity to inspect and make copies of PHA's business records from which the answer to this interrogatory can be obtained.  By way of further response, the oral communications would most likely have involved PHA's Project Manager, Ulise Rivera, who is deceased.

**Interrogatory No. 20:**  State whether you contend that PHA in any way reduced the retainage on the Project with respect to San Lucas and, if so, set forth the facts, circumstances, grounds, and documents which reference, refer, or relate to the reduction of retainage with respect to San Lucas.

**Response:**  Notwithstanding the foregoing General Objections, upon information and belief, PHA briefly reduced the retainage from 10% to 5%, which was then reinstated to 10%.  By way of further response, see PHA's Response to Interrogatory No. 6, above. PHA has complied with Fed. R. Civ. P. 33(d), both through its production of documents to St. Paul (for example, see documents bates labeled 477 and 560-61) and by permitting St. Paul reasonable opportunity to inspect and make copies of PHA's business records from which the answer to this interrogatory can be obtained.

14

against interest or admission and state separately as to each such declaration against interest or admission, the date or approximate date upon which such declaration against interest or admission was made, the person who made the declaration against interest or admission, the person to whom the declaration against interest or admission was made, and the substance of each such declaration against interest or admission.

**Response:**  Objection.  PHA objects to this request as an improper contention interrogatory.  In accordance with the direction of the Trial Judge at the conference held on January 21, 2003, PHA is not obligated to answer contention interrogatories at this stage in the litigation.  Notwithstanding that objection and the foregoing General Objections, PHA is unaware at this time of any declaration against interest or admission.

**Interrogatory No. 18:** Is PHA presently withholding from St. Paul any retainage on the Project?  If so, set forth the facts, circumstances, grounds, and documents on which you rely to justify your decision to withhold the retainage.

**Response:** Notwithstanding the foregoing General Objections, PHA is holding approximately $116,940 of the contract price, most of which is believed to be retention, for at least two reasons: a revised final invoice was not submitted and the contract payment amount was in dispute due to St. Paul's rejection of Modification No. 11.

**Interrogatory No. 19:**  Identify any and all communications, and the dates and substance of such communications, whether written or oral, within PHA or between PHA and any person and/or entity regarding Modification and/or Change Order No. Eleven (11)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Answers and Objections of Defendant, Philadelphia Housing Authority, to Plaintiff's Interrogatories was served this 20th day of February, 2003, by facsimile and first class mail upon counsel of record as noted below:

> Jennifer Horn, Esquire
> Venable Baetjer & Howard, LLP
> 1800 Merchantile Bank & Trust B
> 2 Hopkins Plaza
> Baltimore, MD  21201-2978

DANIEL E. RHYNHART