# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY<br>385 Washington Street<br>St. Paul, Minnesota 55102<br><br>Plaintiff<br><br>v.<br><br>PHILADELPHIA HOUSING AUTHORITY<br>2012 Chestnut Street<br>Philadelphia, Pennsylvania 19154<br><br>Defendant | CIVIL ACTION NO. 02-3511<br><br>**JURY TRIAL DEMANDED** |

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. Rule of Civ. P. 34, Plaintiff St. Paul Mercury Insurance Company ("St. Paul"), by its undersigned attorneys, requests that Defendant, Philadelphia Housing Authority ("PHA"), produce and permit St. Paul to inspect and copy the documents identified below at or before 10:00 a.m. on December 2, 2002, at the offices of Devlin & Devine, 100 West Elm Street, Suite 200, Conshohocken, Pennsylvania 19428, or such other convenient time and place mutually agreed upon by the parties.

### INSTRUCTIONS

A.   Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

B.   The documents shall be produced as they are kept in the usual course of business, or you shall organize and label them to correspond with the categories in this request.



*Exhibit 1*

-2-

C. These requests encompass all items within your possession, custody or control.

D. These requests are continuing in character so as to require you to promptly amend or supplement your response if you have obtained further material information.

E. If in responding to these requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

F. To the extent that you object to any of the following requests, you should respond to the portion that is not objectionable, and state separately the portion of each request to which you object, including the grounds for each objection.

G. If any documents are not available for production because they have been misplaced, discarded, or destroyed, identify which documents or categories of documents cannot be produced for these reasons, and state fully in writing the reasons that said documents are unavailable. As to each such document, state the date and the title of the document, its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, and a summary of the substance of the document.

H. If any documents are not available for production because they are in the custody or control of a third person, identify such documents or categories of documents and identify the third person in whose possession or control said documents are to be found.

I. If you object to the production of any documents on the claim of privilege or attorney work product, identify each document for which the privilege is claimed and provide the following information with respect to each document:

   1. Describe the type of document (e.g., letter, memorandum, report, etc.) and state the date of the document;

TO1DOCS1#136906 v1

2. Identify the person who prepared or authorized the document and the person to whom the document is directed;

3. Identify all persons receiving copies of the document;

4. State the number of pages in the document;

5. Describe the subject matter of the document;

6. State the basis on which the privilege is claimed; and

7. State whether you would be willing to produce the documents *in camera*.

J. If you contend that any documents that are responsive to any request have been previously produced to St. Paul in Case No. 002190, *San Lucas Construction Company, Inc. v. St. Paul Mercury Insurance Company, et al.*, in the Philadelphia County Court of Common Pleas (hereafter, "the State Court Action"), rather than reproduce these documents, please identify the range of bates numbers affixed to the responsive documents by your counsel in that action.

### DEFINITIONS

As used in these requests, the following terms are to be interpreted in accordance with these definitions:

(a) The term "person" includes any individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, its agencies or political subdivisions, any court, or any other governmental entity.

(b) The terms "you," "your," "Philadelphia Housing Authority," and "PHA" include the persons to whom these Requests are addressed, and all of those persons' agents, employees, representatives, and/or attorneys.

TO1DOCS1#136906 v1

-3-

(c) The terms "document" or "documents" includes all writings, drawings, graphs, charts, photographs, recordings, and any other data compilation from which information can be obtained, translated, if necessary, by you through detection devices into reasonably useable form.

(d) "Or" shall be construed either constructively or disjunctively to bring within the scope of this discovery any information which might otherwise be construed to be outside its scope.

(e) "Relating to" or "relates to" or "related to" means referring to, concerning, responding to, commenting on, regarding, discussing, showing, describing, reflecting, implying, analyzing, and constituting.

(f) The term "Plaintiff" and/or "St. Paul" refers to the Plaintiff named in this lawsuit and any of its agents, representatives, and/or attorneys.

(g) The term "Project" refers to the Richard B. Allen Homes Modernization of Blocks B-2 and B-3, Philadelphia, PA, PHA-PA2-03, located between Poplar Street and Fairmount Avenue, and between 12th Street and 9th Street in Philadelphia, PA, pursuant to PHA Contract Nos. 9589, 9590, 9591, 9592, and 9593.

### CATEGORIES OF DOCUMENTS REQUESTED

1. Each and every document that constitutes, refers, relates, or makes reference to the Project.

2. Each and every document that constitutes, refers, relates, or makes reference to any contracts, agreements, and/or understandings involving St. Paul, NDK, San Lucas, and/or PHA in connection with the Project, whether written or oral, including, but not limited to, any completion contracts, addenda, supplements, change orders or extra work orders (approved or pending) issued pursuant to any other contracts, agreements, or understandings in connection with the Project.

3.  Each and every document that constitutes, refers, relates, or makes reference to any contracts, subcontracts, agreements, understandings, and/or communications between or involving any and all prime contractors, subcontractors, suppliers, and/or materialmen with respect to the Project, whether written or oral, including, but not limited to, any addenda, completion contracts, supplements, change orders or extra work orders (approved or pending) issued pursuant to those contracts, subcontracts, agreements, and/or understandings.

4.  Each and every document that constitutes, refers, relates, or makes reference to any communications, written or oral, between PHA and San Lucas regarding the Project.

5.  Each and every document that constitutes, refers, relates, or makes reference to any communications, written or oral, between or involving NDK and any of its subcontractors, suppliers, and/or materialmen regarding labor, equipment and materials provided by NDK's subcontractors, suppliers, and/or materialmen on the Project and/or regarding monies allegedly due NDK or any of its subcontractors, suppliers, and/or materialmen for that labor, equipment, and materials.

6.  Each and every document that constitutes, refers, relates, or makes reference to any communications, written or oral, between or involving St. Paul and anyone else, including NDK, San Lucas, PHA and/or any other entity, regarding monies owed in connection with the Project, and/or labor, equipment, and/or materials provided to the Project.

7.  Each and every document that constitutes, relates, or refers to any invoices, bills, statements of account, payment requisitions or payment applications and/or releases or lien waivers sent in connection with the Project.

8.  Each and every document that constitutes, relates, refers, or makes reference to any bond(s) obtained by any person or entity in connection with the Project.

9. Each and every document that constitutes, relates, refers, or makes reference to any reports, notes, correspondence, or other documents, including drafts of those documents, prepared by any person whom you expect to call as an expert witness at trial, and any communications, written or oral, between you and any person whom you expect to call as an expert witness at trial.

10. Each and every document consulted, reviewed, or relied upon by any person whom you expect to call on as an expert at trial.

11. Each and every document that constitutes, relates, refers, or makes reference to any and all schedules and drafts of schedules for the Project, including bid schedules, resource loaded schedules, schedule updates, look-ahead schedules, as-built or actual schedules, CPM schedules for the Project, and San Lucas's schedule of values.

12. Each and every document that constitutes, relates, refers, or makes reference to job performance on the Project, including but not limited to, progress documentation, daily reports, project meeting minutes, requests for information, progress reports, progress photographs, and daily logs, diaries, and journals for the Project.

13. Each and every document that constitutes, relates, refers, or makes reference to PHA's decisions to pay San Lucas, including but not limited to, progress documentation, daily reports, inspections, evaluations, audits of San Lucas' work, and time of payment.

14. Each and every document that relates, refers, or makes reference to policies or procedures used by PHA relating to the payment or non-payment of contractors' payment applications.

15. Each and every document that constitutes, relates, refers, or makes reference to PHA's finding San Lucas in default or termination of San Lucas's contract, including but not limited to, any

and all policies and procedures that relate, refer, or reference defaults and termination of construction contracts by PHA.

16. Each and every videotape, picture, diagram, model, CD-Rom disc and/or photograph that constitutes, relates, refers, or makes reference to the Project.

17. Each and every document that constitutes, relates, refers, or makes reference to PHA's inspection, monitoring, evaluating, auditing and/or supervising San Lucas's work on the Project.

18. Each and every document that constitutes, relates, refers, or makes reference to the personal files on the Project of any and all PHA present or former employees, including all individuals identified on PHA's Rule 26 disclosure statement filed in this action.

19. Each and every document that constitutes, relates, refers, or makes reference to any and all communications, written or oral, between or involving PHA or any other entity in relation to the Project.

20. Each and every document that constitutes, relates, refers, or makes reference to any and all contracts, agreements, and/or understandings between or involving PHA and San Lucas on any projects other than the Project that is the subject matter of this lawsuit.

21. Each and every document which supports or upon which you rely for, or that relates, refers, or makes reference to, any and all affirmative defenses in your Answer.

22. If you contend that St. Paul paid more than a reasonable amount to complete San Lucas's work on the Project, each and every document that constitutes, relates, refers to or supports that contention.

-8-

23. If you contend that the contract between San Lucas and PHA was in any way modified to permit payments to San Lucas in excess of the amount of the work it actually performed, all documents that relate, refer to or support that contention.

24. Each and every document that constitutes, relates, refers, or makes reference to PHA's decision to reduce the retainage with respect to San Lucas from 10% to 5%.

25. Any and all documents that support, relate, refer or make reference to your Answers to Interrogatories.

Respectfully submitted,

Paul F. Strain
James A. Dunbar
Venable, Baetjer and Howard, LLP
210 Allegheny Avenue
Post Office Box 5517
Towson, Maryland 21285-5517
(410) 494-6200

Attorneys for Plaintiff,
St. Paul Mercury Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY<br>385 Washington Street<br>St. Paul, Minnesota 55102<br><br>    Plaintiff<br><br>v.<br><br>PHILADELPHIA HOUSING AUTHORITY<br>2012 Chestnut Street<br>Philadelphia, Pennsylvania 19154<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 02-3511<br><br><br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2002, a copy of Plaintiff's First Request for Production of Documents to Philadelphia Housing Authority was telecopied and sent by first-class U.S. mail to:

    Dennis Lawler, Esquire
    Blank Rome Comisky & McCauley, LLP
    One Logan Square
    Philadelphia, PA 19103-6998

    Counsel for Defendant