IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, | : | CIVIL ACTION |
| | : | NO. 02-3511 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA HOUSING AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this ___ day of August, 2003, upon consideration of Defendant's Motion to Substitute Affidavit and any response thereto, it is ORDERED and DECREED that the attached executed Affidavit of Michael Tate is substituted for the unsigned Affidavit attached to Defendant's Response to Plaintiff's Motion to Compel and Cross-Motion to Compel.

BY THE COURT:

_____
Hon. Norma L. Shapiro

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, | : CIVIL ACTION<br>: NO. 02-3511 |
| Plaintiff, | : |
| v. | : |
| PHILADELPHIA HOUSING AUTHORITY, | : |
| Defendant. | : |

## MOTION OF DEFENDANT PHILADELPHIA HOUSING AUTHORITY TO SUBSTITUTE AFFIDAVIT

Defendant Philadelphia Housing Authority ("PHA"), by its undersigned counsel, respectfully submits the attached executed Affidavit of Michael Tate, to be substituted for the unsigned Affidavit attached to PHA's Response to St. Paul's Motion to Compel and Cross-Motion to Compel, filed on August 5, 2003.

Respectfully submitted,

BLANK ROME COMISKY & MCCAULEY LLP

BY: _____
DENIS JAMES LAWLER
CHRISTOPHER A. LEWIS
DANIEL E. RHYNHART
Attorney I.D. Nos. 17154, 29375 & 78248
One Logan Square
Philadelphia, PA 19103-6998
(215) 569-5500

Dated: August 15, 2003

Attorneys for Defendant,
Philadelphia Housing Authority

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 02-CV-3511 |
| | : | |
| PHILADELPHIA HOUSING AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

COMMONWEALTH OF PENNSYLVANIA :
: SS
COUNTY OF PHILADELPHIA :

## AFFIDAVIT

MICHAEL TATE avers the following, subject to the penalties provided by 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities:

1. I am employed by the Philadelphia Housing Authority ("PHA") as its Network Administrator.

2. In that capacity, I am responsible for supervising and directing the operations and maintenance of PHA's computer networks, including implementing technologies for backing up emails and other electronic business records. As PHA's Network Administrator, I am familiar generally with the various technologies firms employ to safeguard their electronic data from loss or corruption, though these practices necessarily vary from firm to firm.

3. PHA began using email in August of 1999 and started backing up emails only in December of 2000.

4. PHA uses the software "Lotus Notes" for email communications. To back up the email files, along with other electronic files such as word processing and calendaring, PHA uses a software program called "Arcserve."

5. The Arcserve program is designed to permit PHA to recover from a disaster, rather than to archive all communications that may have been transmitted electronically. Using the program, each user's computer is backed up via a 40 gigabyte tape, which records a "snapshot" of the user's mailbox (including the inbox, outbox and deleted items) as of the specific date and time the backup was run. If a communication was not in the user's mailbox at the time of the "snapshot," it will not be stored on the tape backup. This could occur, for example, if the user permanently discarded a deleted item, or if the user's mailbox had reached its full capacity and the user deleted an item from his inbox. On the other hand, if the user did not permanently delete an email (that is, delete the email from the "deleted items" section of the mailbox), it is likely that the tape backups will contain multiple "snapshots" of the same email, creating significant duplication.

6. A disadvantage of tape backup is that tape drives are sequential access devices. In order to read any particular block of data, all preceding blocks of data must be read. Consequently, retrieving emails from the tape backup requires a multi-step process:

(A) First, someone must designate the particular individuals whose mailboxes will be retrieved;

(B) Second, the organization must then locate and identify the tapes that contain the mailbox files of the designated employees;

(C) Third, the tapes must then be "read" in their entirety, and the mailboxes of the designated individuals restored;

(D) Fourth, once restored, the mailboxes must be searched for those emails that relate to the subject matter of the litigation;

(E) Fifth, duplicate emails must be identified and removed;

(F) Sixth, the emails that are relevant must be reviewed to remove privileged communications, if any; and

(G) Finally, the nonprivileged, relevant emails must be produced, either electronically via disk or via hard paper copy.

7. PHA's backup tapes are maintained off-site by a third party vendor, Advanced Records Management Company.

8. Using the Arcserve program, PHA performs its backups on both a daily and monthly basis; however, daily tapes are retained only for a period of 45 days. Consequently, PHA has no daily backups for the period at issue in this dispute.

9. In connection with this dispute, PHA designated nine individuals whose mailboxes should be retrieved, to the extent possible. The nine individuals are:

        Albert Novack (Contract Administrator)
        Clarence Mosley
        Greg Hampson (Project Engineer)
        James Fratoni (former Project Engineer)
        Larry Woods (former HOPE VI Program Manager)
        Lyncoln Trower (Contract Administrator)
        Michael Leithead (Contracting Officer)
        Shiela Maxwell (former Contracting Officer
        Tim Trzaska (former Project Engineer)
        Ulise Rivera (Project Manager) (deceased)

10. At my direction, PHA requested that Advanced Records Management Company provide to PHA the monthly tape backups for the period December 2000, when the backup system was first implemented, through July of 2001.

11. In response to this request, Advanced Records Management Company delivered to PHA backup tapes for the following months: December, 2000; January, 2001; February, 2001; March 2001; and July, 2001. Advanced Records Management Company could not locate backup tapes for the months of April through June of 2001.

12. The backup for each month consisted of seven or eight tapes. PHA restored each of these tapes to locate the mailboxes of the nine designated individuals.

13. Under my supervision, the mailboxes of seven of the nine individuals for the months in question were located, copied onto PHA's server, and then transferred to compact disks (CDs). In all, six (6) disks have been made, with each disk having the capacity of 650 megabytes, roughly the equivalent of an encyclopedia's worth of paper information.

14. I have not yet undertaken the task of searching the CDs to retrieve the emails that relate to the subject matter of this litigation or of devising a protocol to identify privileged communications.

15. The tasks of identifying, restoring, retrieving and processing emails from the backup tapes imposes a substantial burden on PHA's information technology staff.

Dated: August __, 2003

_____
Michael Tate

Sworn to and subscribed before me
this 14th day of Aug, 19 2003

NOTARIAL SEAL
MERCIDA HASSELL, Notary Public
City of Philadelphia, Phila. County
My Commission Expires Feb. 11, ____

-4-

100847.00610/11239449v3

-2-

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion of Philadelphia Housing Authority to Substitute Affidavit was served this 15th day of August, 2003 by facsimile and first class mail upon counsel of record as noted below:

> William J. Devlin, Jr., Esquire
> Devlin & Devine
> 100 West Elm Street, Suite 200
> Conshohocken, PA  19428
>
> James Dunbar, Esquire
> Paul F. Strain, Esquire
> Venable Baetjer & Howard, LLP
> 1800 Merchantile Bank & Trust B
> 2 Hopkins Plaza
> Baltimore, MD  21201-2978

_____
DANIEL E. RHYNHART