**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ST. PAUL MERCURY INS. CO.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **PHILADELPHIA HOUSING AUTHORITY** | : | **NO. 02-3511** |

<u>ORDER</u>

**AND NOW**, this 20th day of August, 2003, upon consideration of Motion for Partial Summary Judgment by Philadelphia Housing Authority (paper #45), Opposition to Defendant's Motion for Partial Summary Judgment (papers ##48 and 53), Motion <u>in Limine</u> to Preclude the Testimony of Plaintiff's Expert Witnesses (paper #46), Opposition to PHA's Motion <u>in Limine</u> (#50), Motion Requesting Pretrial Ruling on Burden of Proof (papers ##48 and 49), Defendant's Response to Plaintiff's Motion Requesting Pretrial Ruling on Burden of Proof (paper #55), Motion to Preclude Testimony of Certain Witnesses Filed by St. Paul (paper #56), Response in Opposition (paper #60), Cross Motions to Compel Production of Electronic Mail Messages (papers ##57 and 59), PHA's Response to Motion to Compel and Attached Affidavit of Michael Tate (paper #58); and following a <u>Daubert</u> hearing regarding plaintiff's expert witnesses and oral argument on all pending motions, both conducted on August 19, 2003, it is hereby **ORDERED** that:

1.  The Motion for Partial Summary Judgment by Philadelphia Housing Authority (paper #45) is **GRANTED IN PART** and **DENIED IN PART**:

     a. The Motion is **DENIED** as to Counts I and IV because there exist genuine issues of material fact regarding contract terms; and
     b. The Motion is **GRANTED** as to Count III because this action sounds in contract and plaintiff's negligence claim is barred by the gist of the action doctrine.  See <u>Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc.</u>, 246 F. Supp. 2d 394, 402 (E.D. Pa. 2002) (applying Pennsylvania law to hold the doctrine precludes plaintiffs from re-casting breach of contract claims into tort claims);

2.  To the extent Count II of the complaint has not been settled by the parties, it is **SEVERED** from the remaining counts and will be the subject of a trial commencing on **September 15, 2003**, at 10 a.m. in Courtroom 10-A.

3.  Defendant's Motion <u>in Limine</u> to Preclude the Testimony of Plaintiff's Expert Witnesses (paper #46) is **GRANTED IN PART** and **DENIED IN PART:**

>    a. The procurement of NDK Construction to finish the Project being irrelevant to matters before the court, no expert witness may testify to payments by St. Paul to NDK Construction;
>    b. **Anthony Creamer's** testimony is limited as discussed on the record at the <u>Daubert</u> hearing held August 19, 2003; and,
>    c. **William A. Manginelli** may provide an expert opinion based on his line item analysis method only;

4.   The Motion Requesting Pretrial Ruling that Defendant Philadelphia Housing Authority ("PHA") Bears the Burden of Proof (papers ##48 and 49) is **DENIED.**  Plaintiff St. Paul bears the burden of proving it was prejudiced by the alleged overpayments. <u>See</u> <u>Pennsylvania R. Company v. Fidelity & Deposit Co. of Maryland,</u> 81 F.2d 526 (3d Cir. 1935) (citing to Pennsylvania case stating that "...there is no presumption that the surety company is harmed, the prejudice must be made to appear ...") (citation omitted); <u>Fidelity & Deposit Co. v County of Lake</u>, 2000 U.S. Dist. LEXIS 5497, *15 (N.D. Ill. July 3, 2000);

5.   The Motion to Preclude Testimony of Certain Witnesses Filed by St. Paul (paper #56) is **GRANTED IN PART, DENIED AS MOOT IN PART** and **DENIED IN PART:**

>    a. **George Gomez,** being unavailable, may not testify on behalf of defendant;
>    b. **Vince Mancini,** has been withdrawn by defendant; and,
>    c. **James Conlin** may testify if made available by defendant for deposition by plaintiff within 14 days of the date of this order;

6.  The court defers consideration of the Cross Motions to Compel Production of Electronic Mail Messages (papers ##57 and 59) pending receipt of a joint report from plaintiff and defendant regarding efforts at resolution, to be submitted within 14 days of the date of this order.

_____
                                                             S.J.