IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY | * |
| | * |
| Plaintiff | |
| | * |
| v. | |
| | * Civil Action No. 02-CV-3511 |
| PHILADELPHIA HOUSING AUTHORITY | |
| | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \*

**PLAINTIFF ST. PAUL MERCURY INSURANCE COMPANY'S
OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

Plaintiff St. Paul Mercury Insurance Company ("St. Paul"), by its undersigned counsel, hereby responds to the Motion to Compel of Defendant Philadelphia Housing Authority. That motion should be denied, and St. Paul's previously filed Motion To Compel should be granted, on the grounds set forth in detail in the memorandum in support of this Opposition, which is attached hereto and incorporated herein.

Respectfully submitted,

**VENABLE, BAETJER AND HOWARD, LLP**

By: _____
Paul F. Strain
James A. Dunbar
1800 Mercantile Bank & Trust Building
Two Hopkins Plaza
Baltimore, Maryland 21201
(410) 244-7400

**DEVLIN & DEVINE**

Dated: August 25, 2003

By: _____
William J. Devlin, Jr.
Devlin & Devine
100 West Elm Street, Suite 200
Conshohocken, Pennsylvania 19428
(610) 397-4600
Attorneys for Plaintiff
St. Paul Mercury Insurance Company
(610) 397-4600

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of August, 2003, copies of Plaintiff St. Paul Mercury Insurance Company's Opposition To Defendant's Motion To Compel, Memorandum of Law in Support thereof, and proposed Order, were telecopied and mailed via first-class mail, postage prepaid, to:

> Denis James Lawler, Esquire
> Daniel E. Rhynhart, Esquire
> Blank Rome Comisky & McCauley, LLP
> One Logan Square
> Philadelphia, PA  19103-6998
> Counsel for Philadelphia Housing Authority

*James A. Dunbar*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY | * |
| | * |
| Plaintiff | |
| | * |
| v. | |
| | *     Civil Action No. 02-CV-3511 |
| PHILADELPHIA HOUSING AUTHORITY | * |
| | |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF LAW SUPPORTING PLAINTIFF
ST. PAUL MERCURY INSURANCE COMPANY'S
<u>OPPOSITION TO DEFENDANT'S MOTION TO COMPEL</u>**

I.     <u>INTRODUCTION</u>

On or about June 23, 2003, in its pretrial memorandum, Defendant Philadelphia Housing Authority ("PHA") for the first time disclosed to Plaintiff St. Paul Mercury Insurance Company ("St. Paul") that PHA possessed e-mails responsive to St. Paul's document production requests served some eight months earlier. After St. Paul's counsel had made repeated efforts in good faith to obtain copies of those e-mails informally from PHA's counsel, without success, St. Paul concluded that the impending pretrial date required it to move to compel those documents in order to protect its rights.

In response, PHA, apparently concluding that the best defense is a good offense, now has moved to compel supplemental investigation concerning, and production of, e-mails by St. Paul. PHA argues that "sauce for the goose is sauce for the gander." (Memorandum of Law in Support of Motion to Compel of

Defendant Philadelphia Housing Authority at 2.) However, there are significant differences between the conduct and circumstances of the two parties that justify denying PHA's motion to compel and granting St. Paul's.

## II. ARGUMENT

A.  PHA's Motion Is Impermissibly Late

St. Paul filed its motion to compel on July 31, 2003. PHA filed its own motion to compel on August 8, 2003, without justification, as further discussed below. Therefore, PHA's contention that St. Paul has moved for relief too late is both ironic and incorrect.

On May 7, 2003 St. Paul properly, and within the discovery period, answered PHA's Interrogatories and Document Production requests, which included queries concerning e-mails. On May 13, 2003, St. Paul also produced a corporate designee, Christine Alexander, who testified at her deposition as to St. Paul's e-mail retention policy and why St. Paul had no further e-mails to produce. If PHA genuinely believed, as it now claims, that "it is inherently incredible that a regulated entity like St. Paul would not have an electronic data backup system"[1] and therefore has no further e-mails to produce, then PHA could and should have moved to compel before the discovery deadline expired. PHA chose not to do so. PHA also could and should have raised the issue of St. Paul's production of e-mail in its pretrial memorandum filed on June 23, 2003, pursuant to Local Rule

---

[1] See Memorandum of Law In Support of Motion to Compel of Defendant Philadelphia Housing Authority at 2.

16.1(c)(7)(pretrial memoranda shall include "[s]pecial comments regarding legal issues" requiring court's attention). Again, PHA chose not to do so, stating only—and inaccurately—that "[n]o e-mails were included in documents produced by St. Paul to PHA."[2] (See e-mails produced by St. Paul, documents SP002337, SP010683, SP010703, SP010822, SP010916, SP011108, SP011117, SP011118, SP011538, SP011547, SP011551, SP011553, SP011554, SP011562, SP011568, SP011569, SP011570, and SP011587, collectively attached hereto as Exhibit A.)

PHA, by contrast, first acknowledged having discoverable e-mails on June 23, 2003, over a month after the discovery deadline already had expired, and without having produced any such documents. In fact, it still has produced no such documents, almost two months after acknowledging their existence, and despite repeated requests from St. Paul's counsel. St. Paul moved to compel production of those documents on July 31, 2003, barely five weeks after first learning of them, and after first making the necessary and desirable efforts to obtain them without requesting the intervention of the Court.

It is, therefore, highly ironic that PHA now argues that it is St. Paul's motion to compel that is impermissibly late. PHA had repeated opportunities to ask the Court to address the issue of St. Paul's e-mail production, if any such genuine issue existed, long ago. PHA did not do so. It should not be permitted to do so now, and effectively reopen discovery at the eleventh hour before trial.

---

[2] See Pretrial Memorandum of Defendant Philadelphia Housing Authority at 27.

B.  St. Paul Already Has Complied With Its Discovery Obligations

PHA already has had, and taken, the opportunity to inquire into St. Paul's e-mails by interrogatory, by document production request, and when it deposed St. Paul's corporate designee, Christine Alexander.[3]  PHA nevertheless argues that "the Court should require St. Paul to provide specific facts explaining the nature of its disaster recovery program, its electronic data backup systems, and its document destruction and retention policies."[4]  PHA makes this request without identifying any specific factual issue as to which the e-mails it suspects to exist, and now seeks to unearth, would pertain.

There is no reason for the Court to grant PHA's request to compel further discovery from St. Paul.  St. Paul already has explained why it has produced all discoverable and recoverable e-mails, and will here do so again.  St. Paul does have a disaster recovery program for retaining electronic data, but that program does not require the retention of e-mail correspondence, as the program's primary purpose is not archival.  Regarding St. Paul's electronic data backup systems, and its document destruction and retention policies concerning e-mails, the facts are as follows.

E-mail messages in a St. Paul employee's Inbox are retained for 30 days beyond the date of their receipt, if they have been opened.  (See Affidavit of

---

[3] See Memorandum of Law in Support of Motion to Compel of Defendant Philadelphia Housing Authority at 3, 6-7.

[4] (See Memorandum of Law in Support of Motion to Compel of Defendant Philadelphia Housing Authority at 12.)

Claire Hoyam attached hereto as Exhibit B[5].) If still unopened after 30 days, a message remains in the Inbox until it is opened, and then is deleted in the next automated Inbox cleanup. (Id.) The automated cleanup runs nightly against employee mailboxes. (Id.) A St. Paul employee may extend the retention of messages in the Inbox by moving them to folders. (Id.) Messages moved from an employee's Inbox to a folder are retained until the employee actively deletes them. (Id.) Messages a St. Paul employee sends and retains in the Sent folder are similarly retained until the employee actively deletes them. (Id.) St. Paul employees' mail databases are backed up nightly, and backups are normally retained for 5 weeks (35 days). (Id.) Within this 35-day rotation, each night the oldest existing backup tapes are reused to create the current night's backups. (Id.) St. Paul already has made inquiry to all employees likely to have such hard copies or electronic copies of e-mails that would be responsive to PHA's document production requests, and any such e-mails already have been produced. (See Ex. A.)

St. Paul's practices in this respect are proper, and the finite number of e-mails its internal inquiry produced is in harmony with the realities of business recordkeeping as acknowledged by at least one court that has considered such issues:

> With corporations spending enormous amounts of money to preserve business-related and financial data . . . they should not be required to preserve every e-mail message at significant additional expense . . . . Many corporations have hundreds of employees who

---

[5] St. Paul will supply the signed affidavit of Ms. Hoyam as soon as possible.

> undoubtedly receive several e-mails a day. These employees are in
> no position to evaluate the potential relevance of a given e-mail to
> future litigation. The modern reality of e-mail is that it will be
> retained if the recipient has a business reason for doing so. If the
> recipient reads the e-mail and has no business reason to keep it, it
> is discarded, even though the contents of that communication could
> possibly, at a later date, have some relevance to a lawsuit.

Concord Boat Corp v. Brunswick Corp., 1997 WL 33352759 (E.D. Ark. Aug. 29, 1997).

Thus, where facts exist such as St. Paul has set forth above, there is no just reason for requiring a party to undergo the burden and expense of providing still further discovery. Concord Boat Corp v. Brunswick Corp., 1996 WL 33347247 (E.D. Ark. Dec. 23, 1996) is illustrative. In Concord Boat, a party moved, *inter alia*, to compel its adversary "to identify, restore and produce all deleted and destroyed documents on their computer systems for the last five years," and the court denied the motion as "unduly burdensome." Id. at *3. Factors the court considered included that the party from whom discovery was sought already had done "a relatively careful search, going to the likely producers of relevant documents and interviewing them," its "backup tapes are primarily for disaster prevention rather than archival," and it was "by no means clear that [a more] extensive search would disclose additional material that would add significantly to the body of proof." Id. at *2. The presence of analogous factors in this case likewise weigh against granting PHA's motion to compel.

Similarly, in In re General Instrument Corp. Securities Litigation, 1999 WL 1072507 (N.D. Ill. Nov. 18, 1999), the court denied the motion of a party

seeking to compel production of e-mail and other computer-generated documents under circumstances comparable to those in this case. Specifically, the Court found the party from whom additional production was sought already had produced thousands of pages of documents, including e-mail, as St. Paul has done in this case. Id. at *6. Moreover, the party seeking to compel discovery had "not identified any specific factual issues for which additional discovery would help them prove their case," as PHA has failed to identify any such issue in this case. Id. Finally, the party seeking to compel further discovery had "previously indicated to this court that discovery had been concluded," as PHA implicitly did, with respect to St. Paul's e-mails, by failing to move to compel before discovery closed, and again by failing to raise any issue with respect to St. Paul's e-mail production in PHA's pretrial memorandum.

Therefore, under the foregoing facts and authorities, there is no justification for compelling St. Paul to meet its discovery obligations regarding production of responsive e-mails, for St. Paul already has done so.

### III. CONCLUSION

PHA's motion to compel is an attempt to leverage its own discovery failures into an opportunity to obtain further discovery from St. Paul, and in the process to delay the trial of this case yet again. There is no reason for the Court to grant PHA's motion as it is impermissibly late, and St. Paul already has met its discovery obligations with respect to e-mails and has repeatedly explained why. On the basis of all of the foregoing grounds and authorities, St. Paul respectfully

requests that St. Paul's Motion to Compel be granted, and that the Motion to Compel of Defendant Philadelphia Housing Authority be denied.

          Respectfully submitted,

          **VENABLE, BAETJER AND HOWARD, LLP**

          By: *[signature]*
          Paul F. Strain
          James A. Dunbar
          1800 Mercantile Bank & Trust Building
          Two Hopkins Plaza
          Baltimore, Maryland 21201
          (410) 244-7400

          **DEVLIN & DEVINE**

Dated: August 25, 2003      By: *[signature]*
          William J. Devlin, Jr.
          Devlin & Devine
          100 West Elm Street, Suite 200
          Conshohocken, Pennsylvania 19428
          (610) 397-4600
          Attorneys for Plaintiff
          St. Paul Mercury Insurance Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of August, 2003, copies of Plaintiff St. Paul Mercury Insurance Company's Opposition To Defendant's Motion To Compel, Memorandum of Law in Support thereof, and proposed Order, were telecopied and mailed via first-class mail, postage prepaid, to:

> Denis James Lawler, Esquire
> Daniel E. Rhynhart, Esquire
> Blank Rome Comisky & McCauley, LLP
> One Logan Square
> Philadelphia, PA 19103-6998
> Counsel for Philadelphia Housing Authority

James A. Dunbar